UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-23452-CIV-CANNON/O'SULLIVAN

DANIEL VILLANUEVA,

    Plaintiff,

v.

UNITED STATES DEPARTMENT
OF JUSTICE and
THE FEDERAL BUREAU OF
INVESTIGATION,

    Defendants.
    _____/

## ORDER

THIS MATTER came before the Court on the Defendants' Motion for Entry of Production Schedule (DE# 62, 10/15/21) ("Motion"). This matter was referred to Chief United States Magistrate Judge John J. O'Sullivan by the Honorable Aileen Cannon, United States District Judge in accordance with 28 U.S.C. § 636(b). (DE# 54, 4/15/21). Having reviewed the Motion, the Fourth Declaration of Michael G. Seidel (DE# 62-1, 10/15/21) ("Fourth Seidel Decl."), the Plaintiff's Response in Opposition to Defendants' Motion for Entry of Production Schedule and Motion for Order Sanctions [sic] for Violation of the Court's Order (DE# 63, 10/29/21) ("Response" or "Motion for Sanctions"), the Defendants' Reply to Plaintiff's Response to Defendants' Motion for Entry of Production Schedule (DE# 11/4/21) ("Defendants' Reply"), and the Plaintiff's Reply in Support of Motion for Sanctions for Violation of the Court's Order (DE# 67, 11/15/21) ("Plaintiff's Reply"), it is

1

ORDERED AND ADJUDGED that the Defendants' Motion for Entry of Production Schedule (DE# 62, 10/15/21) is GRANTED in part and the Plaintiff's Motion for Order Sanctions [sic] for Violation of the Court's Order (DE# 63, 10/29/21) is DENIED on the grounds set forth below. It is further

ORDERED AND ADJUDGED that the defendants shall process the 20,500 pages of withheld documents responsive to the plaintiff's June 2018 FOIA request at a rate of 5,125 pages per month which shall be completed by April 13, 2022. Any documents or portions of documents that are withheld from disclosure shall be adequately described in a *Vaughn* index that must accompany the monthly production. It is further

ORDERED AND ADJUDGED that the parties shall notify the Court of the completion of the production on or before April 14, 2022.

## DISCUSSION

The plaintiff's June 2018 FOIA request has been pending for approximately three and a half years.[1] The defendants notified the plaintiff that they would complete the

---

[1] In August 2019, the plaintiff filed this action. In October 2019, sixteen (16) months after the plaintiff's initial FOIA request, the defendants for the first time asserted Exemption 7(A) (law enforcement exemption) based on the lack of finality of one of the defendant's in the underlying criminal investigation who had a petition for certiorari pending in the Supreme Court. In November 2019, the defendants for the first time advised the plaintiff that they identified approximately 21,000 pages of responsive documents, were withholding approximately 20,500 pages, and made their sole production of approximately 500 pages of public documents and provided a *Vaughn* index for the produced documents only. Two years ago, in November 2019, the defendants estimated: ten 10 (additional) months to complete review of the responsive documents and identify all applicable underlying exemptions, and identify and release all segregable material to the plaintiff, plus ninety (90) days (i.e. December 26, 2020) to prepare and file a *Vaughn* declaration detailing the FBI's withholdings pursuant to FOIA exemptions. Response at 3 (DE# 63, 10/29/21); Defendants' Response to Plaintiff's

processing of his FOIA request within three and a half years – the same amount the defendants request in their proposed production schedule. The defendants' proposed production schedule would result in a seven (7) year delay of completing the processing of the plaintiff's June 2018 FOIA request.

To date, the defendants have partially or fully produced a total of approximately 500 pages of approximately 21,000 pages of responsive documents. The FBI provided a *Vaughn* index only for the 500 pages produced documents. The defendants did not provide a *Vaughn* index for the 20,500 pages of documents withheld categorically under Exemption 7(A) (law enforcement proceedings based on the pending habeas petition of Michael Baker) or any of the six other exemptions.

In the undersigned's Report and Recommendation (DE# 55, 8/12/21) ("R&R") on the parties' cross-motions for summary judgment, the undersigned determined that the defendants failed to provide sufficient facts to determine whether Exemption 7(A) or the underlying six exemptions apply to the withheld responsive documents. The R&R provides:

> the undersigned finds that the defendants have not satisfied their burden with the Second Seidel Declaration because they failed to assign documents to the three categories and they failed to provide adequate explanations to provide the factual bases for the undersigned to determine whether Exemption 7(A) applies to all of the thousands of page of withheld records, particularly where, as here, the FBI acknowledges that "many pieces of information have been made public through the criminal proceedings." Second Seidel Decl. at ¶ 67 (DE# 41-1, 12/7/21). Additionally, unlike Exemption 7(A) which authorizes a categorical denial, the other six exemptions that the defendants invoked require the defendants to identify each document and the reason(s) for withholding

---

Motion for Preliminary Injunction at 5 (DE# 17, 11/26/19); First Seidel Decl. ¶ 18 (DE# 17-1, 11/26/19).

each document under a particular exemption.

R&R at 27 (DE# 55, 8/12/21).

In the Order Adopting Magistrate Judge O'Sullivan's Report and Recommendation (DE# 61, 9/23/21) ("Order Adopting R&R"), the Court adopted the undersigned's R&R and required that:

> On or before October 28, 2021, Defendants shall identify and assign the withheld documents to the particular category under Exemption 7(A) and identify which documents or portions of documents are being withheld under each of the distinct underlying exemptions.
>
> [ ] Moreover, on or before October 22, 2021, Defendants shall produce responsive documents or justify the application of Exemption 7(A) and any of the other exemptions to each withheld document by providing a more detailed declaration or Vaughn index that explains why the particular withheld documents are subject to each of the claimed exemptions and provide the factual basis for the Court to determine the applicability of the claimed exemptions.

Order Adopting R&R (DE# 61, 9/23/21).

I.  FOIA PRODUCTION SCHEDULE

In the defendants' Motion and the Fourth Seidel Declaration, the defendants state that they will no longer rely on Exemption 7(A) to categorically withhold records responsive to the plaintiff's FOIA request. Motion at 2 (DE# 62, 10/15/21); Fourth Seidel Decl. at ¶ 4 (DE# 62-1, 10/15/21). Pursuant to the FBI's policy, in the subject Motion, the defendants propose a production schedule of an additional 42 months (3.5 years) at a rate of 500 pages per month to complete the review of the 20,500 withheld documents responsive to the plaintiff's FOIA request. Motion at 3 (DE# 62, 10/15/21); Fourth Seidel Decl. at ¶¶ 5, 7 (DE# 62-1, 10/15/21). This is virtually the same length of processing time that the defendants estimated more than three years ago. See Compl.

at ¶ 25 (DE# 1, 8/16/21).[2]

In the R&R, the undersigned found that the FBI failed to satisfy the requirements of FOIA by properly conducting its review, assigning documents to the three categories of documents under Exemption 7(A),[3] and properly describing the documents withheld under the six other exemptions. The Court adopted the R&R and imposed two deadlines: (1) on or before October 22, 2021, the Defendants shall produce responsive documents or justify the application of Exemption 7(A) and any of the other exemptions to each withheld document by providing a more detailed declaration or Vaughn index ...; and (2) on or before October 28, 2021, Defendants shall identify and assign the withheld documents to the particular category under Exemption 7(A) and identify which documents or portions of documents are being withheld under each of the distinct underlying exemptions. The October 28, 2021 deadline is moot because the defendants are no longer relying on Exemption 7(A) as a basis to categorically withhold the 20,500 pages of responsive documents and thus, do not need to identify and assign each

---

[2]In paragraph 25 of the Complaint, the plaintiff alleged: "The August 23, 2018, communication explained the process pursuant to which requests are processed and explained that the searcher had not yet determined what track the search was in or how long the search was expected to take. Instead, the Officer estimated the date which the FBI would complete the action would be 1,335 days from the date the FBI opened the request. Compl. ¶ 25 (DE# 1, 8/16/19). The estimate of 1,335 equals approximately 44 months or 3.7 years.

[3]"Exemption 7(A) is temporal in nature" and may become moot when the law enforcement proceeding ends. Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Justice, 746 F.3d 1082, 1097-98 (D.C. Cir. 2014) ("CREW") (citing NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 230-32 (1978) ("[R]eliance on Exemption 7(A) may become outdated when the [law enforcement] proceeding at issue comes to a close.") When Mr. Baker's habeas proceeding concludes, the categorical withholding of documents under 7(A) Exemption is no longer available.

document to one of three categories.

Under FOIA, "'[i]f an agency fails to make the determination [as to whether to comply with the FOIA request] within the statutory timeframe (within 20 working days or 30 working days in unusual circumstances), the requestor may sue to enforce compliance with the statute.'" Seavey v. Dep't. of Justice, 266 F. Supp. 3d 241, 244 (D. D.C. 2017) (citing 5 U.S.C. § 552 (a)(6)(C)); Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Justice, 711 F.3d 188-89 (D. D.C. 2013) ("CREW I").[4] "The Court then has the authority to oversee and supervise the agency's progress in responding to the request." Seavey, 266 F. Supp. 3d at 244 (citations omitted). "[O]nce in court, an agency may further extend its response time by means of the 'exceptional circumstances' safety valve. That provision says that if exceptional circumstances exist and an agency 'is exercising due diligence in responding to the request,' a court may grant the agency 'additional time to *complete its review* of the records.'" Id. at 245 (quoting CREW I, 711 F.3d at 188 (quoting 5 U.S.C. § 552 (a)(6)(C)(i) (emphasis in original). "This Court 'may use its equitable powers to require the agency to process documents according to a time-imposed timeline.'" Id. (quoting Clemente, 71. F. Supp. 3d at 269).

Courts have found that "'unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to

---

[4] "[I]n order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." CREW I, 711 F.3d at 188.

prevent [such] abuses.'" Clemente v. FBI, 71 F. Supp. 3d 262, 268-69 (D.D.C. 2006) (quoting Elec. Privacy Info. Ctr. v. DOJ, 416 F. Supp.2d 30, 35 (D.D.C. 2006) (quoting Payne Enters. v. United States, 837 F.2d 486, 494 (D.C. Cir. 1988)); Seavey, 266 F. Supp. 3d at 245. In Clemente, the district court acknowledged that "the FBI process[ing] 5,000 pages a month is higher than the rate would be in an ordinary case, but the FBI has successfully processed documents at that rate in other cases" and ordered the FBI to process responsive documents at a rate of 5,000 pages per month. Id. at 269 (citing Joint Status Report, Lardner v. FBI, No. 03-cv-874 (D.D.C. Aug. 1, 2012). Similarly, in Seavey, the court rejected the FBI's 500 page per month proposal and required the FBI to process the plaintiff's FOIA request at a rate of 2,850 pages per month, which "[was] well within the range of what other courts have ordered...." Seavey, F. Supp. 3d at 248.

Similar to the courts in Seavey and Clemente, the undersigned finds the defendants' proposed production schedule at a regular rate of 500 pages per month is woefully inadequate under the circumstances of the subject action. The defendants ignore the following facts: the plaintiff's June 2018 FOIA request has been pending for three and a half years and only 500 of 21,000 pages of responsive documents have been produced; the defendants' failures to comply with the FOIA requirements in apprising the Court of the factual bases to withhold 20,500 pages of responsive documents; and the defendants' failure to produce a sufficient *Vaughn* index or declaration during the pendency of the plaintiff's June 2018 FOIA request and in disregard of the defendants' self-proposed December 2020 deadline. The defendants' Motion essentially requests a three and a half year extension of the Court-imposed

October 2021 deadlines. The undersigned finds that the defendants' contention that the Court-imposed October deadlines are impractical because the defendants' review of responsive documents will be more labor intensive now that the defendants are no longer asserting Exemption 7(A) lacks merit. Seven (7) years to complete the processing of the plaintiff's June 2018 FOIA request is too long. Accordingly, it is

ORDERED AND ADJUDGED that the defendants shall process the 20,500 pages of withheld documents responsive to the plaintiff's June 2018 FOIA request at a rate of 5,125 pages per month so that document review of the withheld documents and production of non-exempt documents shall be completed on or before April 13, 2022, which is four (4) months after the date of this Order. Any documents or portions of documents that are withheld from disclosure on the basis of an exemption shall be adequately described in a *Vaughn* index or affidavit so that the Court may determine whether the exemption is warranted and such index shall accompany the monthly production of non-exempt responsive pages of documents to the plaintiff. It is further

ORDERED AND ADJUDGED that the parties shall notify the Court of the completion of the review and production on or before April 14, 2022.

II.     Sanctions Are Not Warranted

The plaintiff requests sanctions for the defendants' failure to comply and failure to seek reconsideration, extension, or stay of the Court-imposed October deadlines. Motion for Sanctions (DE# 63, 10/29/21); see, Order Adopting R&R (DE# 61, 9/23/21). In the Defendants' Reply, the defendants argue that the Defendants' Motion for Entry of Production Schedule "is functionally no different" than a motion for extension of time. Defendants' Reply at 2 (DE# 65, 11/4/21). The undersigned agrees. In their Motion,

the defendants specifically request the Court to allow the defendants to produce records to the plaintiff on a proposed schedule of 500 pages per month "in lieu of complying with the requirements set forth in the Court's Order Adopting Magistrate Judge O'Sullivan's Order (ECF No. 55)."  The defendants' Motion was filed before the first Court-imposed October 2021 deadline expired. The undersigned finds that sanctions are not warranted. Accordingly, the plaintiff's Motion for Sanctions (DE# 63, 10/29/21) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 13th day of December, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE